**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION
Case No.:

LUCIA VILLASANA,

    Plaintiff,

v.

PRINCIPAL LIFE
INSURANCE COMPANY,

    Defendant.

_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Lucia Villasana, files her Complaint against Defendant, Principal Life Insurance Company, and says:

### I. JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2. Plaintiff, Lucia Villasana ("Ms. Villasana"), is a citizen of the United States and was at all times relevant a participant of the short-term disability, long-term disability, and life insurance policies at issue. Defendant, Principal Life Insurance Company (hereinafter "Principal" or "Defendant"), is the insurer and claims administrator of the short-term disability, long-term disability policies, and life insurance policies, and is a foreign corporation authorized to do business in Florida and can be found in the Southern District of Florida.

### III.  FACTS

3. At all times material to this action there was in full force and effect a group short-term disability insurance policy (the "short-term disability policy"), a group long- term disability insurance policy (the "long-term disability policy"), and a group life insurance policy (the "life insurance policy"), constituting binding contracts of insurance between the parties. These policies were underwritten and administered by Defendant.

4. At all times material, Defendant operated under an inherent structural conflict of interest because of its dual role as administrator of claims all while serving as the insurance company paying benefits out of its own assets.

5. Ms. Villasana was employed with The National Center for College & Career as a Chief Advancement Officer. By virtue of her, Ms. Villasana was an eligible participant of the short-term disability policy, long-term disability policy, and life insurance policy at all times material to this action.

6. The purpose of the short-term disability policy was to provide Ms. Villasana a weekly benefit in the event that she became disabled ("short-term disability benefits").

7. The purpose of the long-term disability was to provide Ms. Villasana a monthly benefit in the events that she became disabled ("long-term disability benefits").

8. The life insurance policy contained a life coverage during disability benefit ("LCDD benefits") that allowed for continued employee life insurance, without payments of premium, while she was disabled.

9. The short-term disability policy defines Total Disability, or Totally Disabled, in pertinent part, as follows:

> *A member will be considered Totally Disabled if as a result of sickness or injury, the Member is unable to perform with reasonable continuity the Substantial and Material Duties necessary to pursue his or her Own Occupation in the usual customary way and*

*he or she is not working in his or her Own Occupation.*

10. The long-term disability policy defines Total Disability, or Totally Disabled, in pertinent part, as follows:

*You will be considered Totally Disabled if as a result of sickness or injury:*

*During the Elimination Period and the Own Occupation Period, you are unable to perform with reasonable continuity, the Substantial and Material Duties necessary to pursue your Own Occupation and you are not working in your Own Occupation.*

*After completing the Elimination Period and the Own Occupation period, you are unable to perform with reasonable continuity the duties of any occupation for which you could reasonably be expected to perform satisfactorily in light of your age, education, training, experience, station in life, and physical and mental capacity.*

11. The life insurance policy defines Total Disability, or Totally Disabled, in pertinent part as follows:

*A Member's inability, due to sickness or injury, to perform the majority of the material duties of any occupation for which he or she is or may reasonably become qualified based on education, training or experience.*

12. Ms. Villasana has suffered, and continues to suffer, from chronic foot pain and the inability to use her feet due to a number of medical conditions, including, but not limited to, bilateral hallux valgus, bilateral hammer toes, idiopathic neuropathy, and tailor's bunion.

13. Ms. Villasana has been unable to perform with reasonable continuity the duties of her Own Occupation, or any occupation for which she is or may reasonable become qualified for; Ms. Villasana is disabled under the terms of the short-term disability policy, long-term disability policy, and life insurance policy.

14. In accordance with the procedures set forth by the short-term disability policy, long-term disability policy, and life insurance policy, Ms. Villasana notified Defendant that she was disabled.

15. By letter dated May 31, 2019, Defendant denied Ms. Villasana's short-term

3

disability benefits.

16. By email dated June 13, 2019, Ms. Villasana appealed Defendant's denial of short-term benefits.

17. By letter dated June 24, 2019, Defendant approved Ms. Villasana's appeal and awarded her short-term disability benefits recognizing she satisfied all requirements under the short-term disability policy to be eligible to collect short-term disability benefits.

18. By letter dated November 05, 2019, Defendant terminated Ms. Villasana's short-term disability benefits.

19. By letter dated December 10, 2019, Ms. Villasana timely appealed Defendant's termination of short-term disability benefits.

20. By letter dated March 13, 2020, Defendant denied Ms. Villasana's appeal for short-term disability benefits.

21. By a separate later dated March 13, 2020, Defendant denied Ms. Villasana's claims for long-term disability benefits LCDD benefits.

22. In its March 13, 2020 denial letters, Defendant asserted that Ms. Villasana coverage under the short-term disability policy, long-term disability policy, and life insurance policy coverage ended on March 26, 2019, and she only became disabled on May 17, 2019, the date of her foot surgery.

23. By letter dated April 09, 2020, Ms. Villasana timely submitted a voluntary appeal of Defendant's termination of short-term disability benefits.

24. In support of her April 09, 2020 appeal, Ms. Villasana submitted medical records pre-dating March 26, 2019, reflecting impairments and restrictions arising from her chronic feet issues. Ms. Villasana also submitted a letter from her foot surgeon, Kevin Miller, DPM, FACPM, FDFPM, RCPS, confirming that when Ms. Villasana presented to him in April of 2019, her

4

"deformity and foot pain issues were chronic . . . and had been there for many months prior to her seeking treating in my office."

25. By letter dated June 29, 2020, Defendant denied Ms. Villasana's voluntary short-term disability appeal.

26. By letter dated September 08, 2020, Ms. Villasana timely submitted an appeal for her long-term disability benefits and LCDD benefits.

27. By letter dated November 12, 2020, Defendant denied Ms. Villasana's appeal for long-term disability benefits and LCDD benefits.

28. Ms. Villasana exhausted her appeals under ERISA.

29. In terminating Ms. Villasana's short-term disability benefits and denying her long-term disability benefits and LCDD benefits, Defendant deemphasized medical evidence reflecting disability before her coverage ended, and instead relied on the views of its own medical consultants.

30. The termination of Ms. Villasana's short-term disability benefits was a breach of the terms of the short-term disability policy, and the decision was wrong and arbitrary and capricious.

31. The denial of Ms. Villasana's long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

32. The denial of Ms. Villasana's LCDD benefits was a breach of the terms of the life insurance policy, and the decision was wrong and arbitrary and capricious.

33. Defendant's termination of Ms. Villasana's short-term disability benefits and denial of long-term disability benefits and LCDD benefits breached the fiduciary duties owed to Ms. Villasana under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Ms. Villasana as a participant of the short-term

disability policy, long-term disability policy, and life insurance policy.

### IV.     COUNT I: SHORT-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 6, 9, 12 through 20, 22 through 25, 28 through 30, and 33 as if fully stated herein and says further that:

34.     Plaintiff is entitled to certain benefits of the policy consisting of past short-term disability benefits including prejudgment interest, retroactive to the day benefits were terminated pursuant to 29 U.S.C. §1132(a)(1)(B).

35.     Plaintiff is entitled to the benefits identified herein because:

   a.   the benefits are permitted benefits under the short-term policy;

   b.   Plaintiff has satisfied all conditions to be eligible to receive the benefits;

   c.   Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

36.     Defendant has refused to pay the benefits sought by Ms. Villasana, ignoring the medical records and clear opinions of her treating physicians evidencing disability and eligibility for short-term disability benefits.

### V.     COUNT II: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraph 1 through 5, 7, 10, 12 through 14, 21 through 22, 26 through 29, 31, and 33 as if fully stated herein and says further that:

37.     Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

38.     Plaintiff is entitled to the benefits identified herein because:

   a.   The benefits are permitted benefits under the long-term disability policy;

   b.   Plaintiff has satisfied all conditions to be eligible to receive the benefits;

    c.    Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

39. Defendant has refused to pay the benefits sought by Ms. Villasana, ignoring the medical records and clear opinions of treating physicians evidencing disability and eligibility for long-term disability benefits.

## VI.  COUNT III: LIFE COVERAGE DURING DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraph 1 through 5, 8, 11 through 14, 21 through 22, 26 through 29, 32 through 33 as if fully stated herein and says further that:

40. Plaintiff is entitled to certain benefits of the policy consisting of waiver of premium benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

41. Plaintiff is entitled to the benefits identified herein because:

    a.    The benefits are permitted benefits under the life insurance policy;

    b.    Plaintiff has satisfied all conditions to be eligible to receive the benefits;

    c.    Plaintiff has not waived or otherwise relinquished her entitlements to the benefits

42. Defendant has refused to pay the benefits sought by Ms. Villasana, disregarding the medical records and clear medical opinions of her attending physicians evidencing disability and eligibility for LCDD benefits.

## VII.  COUNT IV: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraph 1 through 42 as if fully stated herein and says further that:

43. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs

of this action pursuant to 29 U.S.C. §1132(g)(1).

## VIII. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 43 as if fully stated herein and says further that:

44. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid short-term and long-term disability benefits, plus interest, and approval of waiver of LCDD benefits.

45. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

46. The Defendant is also liable to place Plaintiff in the position she would have enjoyed under the policies had she not been wrongfully denied benefits by Defendant.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Lucia Villasana, prays for a judgment against Defendant for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 16th day of December, 2020.*

> BY: */s/ Kevin Schaefer*
> Kevin Schaefer (FBN. 123688)
> kevin@longtermdisability.net
> Edward Philip Dabdoub (FBN. 45685)
> eddie@longtermdisability.net
> DABDOUB LAW FIRM, P.A.
> 1600 Ponce de Leon Blvd., Suite 1202
> Coral Gables, Florida 33134
> Tel: (305) 754-2000
> Fax: (305) 754-2007
>
> *Attorneys for Plaintiff, Lucia Villasana*